IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHERRIE K. and MITCH K., individually and on behalf of their minor child, AMBER K., | ) ) ) ) | CIVIL NO. 05-00596 HG-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| STATE OF HAWAII, DEPARTMENT OF EDUCATION, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

## REPORT OF SPECIAL MASTER ON THE
## AMOUNT OF REIMBURSEMENT FOR STAY-PUT SERVICES

On June 14, 2007, Chief United States District Judge Helen Gillmor issued her Order Affirming the August 15, 2005 Decision of the Hearings Officer and Granting Plaintiffs' Request for Reimbursement for Stay-Put Services Provided from May 23, 2005 Up to and Including October 18, 2005 and Denying Plaintiffs' Request for Reimbursement for Unilateral Placement in Private School and Granting Request for Attorneys' Fees and Costs ("Order"). The district judge appointed this Court as the Special Master to determine the amount that Defendants must reimburse Plaintiffs Sherrie K. and Mitch K., individually and on behalf of their minor child, Amber K. (collectively "Plaintiffs") for reasonable stay-put services. Plaintiffs' Supplemental Brief, filed September 27, 2006, sets forth the amounts that Sherrie K. and Mitch K. expended to privately fund Amber K.'s

educational and related services. On March 12, 2008, Defendants State of Hawaii, Department of Education, and Pat Hamamoto, in her official capacity as Superintendent of the Hawaii Public Schools (collectively "Defendants") filed their Brief Regarding Reimbursement for Reasonable Stay-Put Services ("Defendants' Stay-Put Brief"). In accord with Rule 7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that the district judge award Plaintiffs $1,389.75 for reasonable stay-put services.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural history of this case and the Court will only discuss the events relevant to the issue before it.

The instant case is an administrative appeal of the Hearings Officer's decision under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, et seq. ("IDEA"). On August 30, 2007, the district judge ordered the parties to file supplemental memoranda on the application of the IDEA's stay-put provision. See 20 U.S.C. § 1415(j). Plaintiffs' Supplemental Brief included declarations from Sherrie K. and Mitch K. with itemizations of the expenses they each incurred to

privately fund Amber K.'s "educational and related services listed in her [Individualized Education Program] from October 18, 2005 until presently at a private pre-school with an integrated after school program[.]"  [Pltfs.' Supp. Brief, Decl. of Sherrie K. ("Sherrie K. Decl.") at ¶ 4 ("Sherrie K. Decl."); Decl. of Mitch K. ("Mitch K. Decl.") at ¶ 4.]  Sherrie K. expended a total of $5,619.43 from July 16, 2006 to September 18, 2006, [Exh. A to Sherrie K. Decl.,] and Mitch K. expended a total of $41,771.02 from June 4, 2005 to August 30, 2006.  [Exh. B to Mitch K. Decl.]

In the Order, the district judge affirmed the Hearings Officer's decision and granted Plaintiffs' request for reimbursement of "reasonable after school services privately funded by Plaintiffs . . . . from May 23, 2005, up to and including October 18, 2005[.]"  [Order at 31.]  The district judge denied Plaintiffs' request for reimbursements of amounts expended for Amber K.'s unilateral placement in a private program.  The district judge also granted Plaintiffs' request for attorney's fees and costs and directed them to file a motion for attorney's fees and costs pursuant to Local Rule 54.3.  [Id.]

In their Stay-Put Brief, Defendants state that, on September 28, 2007, Plaintiffs' counsel submitted a request for reimbursement of $1,389.75 for stay-put services to Defendants' counsel.  Defendants agreed that Plaintiffs were entitled to that amount and transmitted the request to the Department of Education

3

for payment.  On October 3, 2007, Defendants' counsel sent Plaintiffs' counsel an email with Defendants' Vendor Table Maintenance Form (Mileage/Per Diem/Reimbursement), with instructions that Plaintiffs needed to complete the form to process the reimbursement request.  Plaintiffs' counsel was also informed that, if they wanted the reimbursement check made out to Mitch K., they needed to provide Defendants with his current address and a copy of his driver's license.  Defendants state that they never received the requested information and therefore never made payment.

Defendants ask the Court to find that Plaintiffs are entitled to $1,389.75 for reasonable stay-put services.  Defendants also note that they have already paid $15,000.00 in attorney's fees and costs to Plaintiffs' attorney.

## **DISCUSSION**

Section 1415(j) provides, in pertinent part: "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child[.]"  The district judge ruled that Plaintiffs were entitled to reimbursement for reasonable stay-put services for after school services from May 23, 2005, up to and including October 18, 2005.

All of Sherrie K.'s expenses were incurred outside of

the time frame identified in the Order and are therefore not compensable, even if they were for after school services. The following expenses incurred by Mitch K. fell within the identified period:

| Date | Payee | Memo | Amount |
| --- | --- | --- | --- |
| 6/4/05 | TRISTIE GRAETZ | ST | 150.00 |
| 6/11/05 | TRISTIE GRAETZ | ST 06/11/05 WK | 540.00 |
| 6/25/05 | TRISTIE GRAETZ | ST 06/18/05 WK | 300.00 |
| 6/27/05 | TRISTIE GRAETZ | ST 06/25/05 WK | 92.25 |
| 7/16/05 | TRISTIE GRAETZ | ST 06/27/05 WK | 37.50 |
| 9/24/05 | TRISTIE GRAETZ | ST 09/24/05 WK | 270.00 |
| 10/12/05 | KAWAIAHAO CHURCH SCHOOL | APPLICATION FEE | 35.00 |
| 10/14/05 | KAWAIAHAO CHURCH SCHOOL | TUITION AND DEPOSIT | 1,540.00 |
| 10/14/05 | KAWAIAHAO CHURCH SCHOOL | TUITION | 695.00 |
| 10/14/05 | KAWAIAHAO CHURCH SCHOOL |  | 50.00 |
| 10/17/05 | NEW CREATIONS LLC | T SHIRT | 7.50 |

[Exh. B to Mitch K. Decl. at 1.]  Only the amounts paid to Tristie Graetz were for after school care.  [Exh. 1 to Defs.' Stay-Put Brief.]  Those items total $1,389.75, the amount agreed upon by the parties.  The Court therefore FINDS that, pursuant to the terms of the Order, Plaintiffs are entitled to receive $1,389.75 for reasonable stay-put services.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that the district judge AWARD Plaintiffs $1,389.75 for reasonable stay-put services.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 14, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SHERRIE K., ET AL.,ETC. V. STATE OF HAWAII, ET AL.; CIVIL NO. 05-00596 HG-LEK; REPORT OF SPECIAL MASTER ON THE AMOUNT OF REIMBURSEMENT FOR STAY-PUT SERVICES**